Firman COOK, Appellant,

v.

CITY OF PLANO, Texas, Appellee.

No. 05–82–00655–CV.

Court of Appeals of Texas,
Dallas.

July 19, 1983.

Rehearing Denied Aug. 16, 1983.

D. Ronald Reneker, Dallas, for appellant.

William J. Roberts, Dallas, for appellee.

Before STEPHENS, STOREY and MA-LONEY, JJ.

STEPHENS, Justice.

This is a summary judgment case involving interpretation of the Real Estate License Act, Tex.Rev.Civ.Stat.Ann. art. 6573a (Vernon Supp.1982–1983). We affirm.

Firman Cook, a real estate broker, sued the city of Plano, Texas, seeking to recover damages for breach of an oral contract under which Cook was to act as the City's exclusive agent for the acquisition of real estate to be used for the construction of a service center. Under the contract as alleged, the City was to purchase the most suitable tract located and presented by Cook, and Cook was to look to the seller to pay him the usual and customary real estate commission. The City breached this contract when it obtained the necessary tract of land directly through the efforts of its own staff and without Cook's services. It is undisputed that Cook was a licensed real estate broker, and that all acts to be performed by him were governed by Tex. Rev.Civ.Stat.Ann. art. 6573a.

The City of Plano filed a motion for summary judgment in which it alleged as the sole ground for summary judgment that the alleged contract was unenforceable by virtue of Tex.Rev.Civ.Stat.Ann. art. 6573a, § 20(b) (Vernon Supp.1982–1983). The trial court granted the City's motion and entered judgment that Cook take nothing. Cook asserts two points of error in this appeal.

Cook contends, in his first point of error, that section 20(b) of the Real Estate License Act does not apply to his claim for breach of contract. That statute reads:

(b) An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of

real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged or signed by a person lawfully authorized by him to sign it.

Cook argues that his suit is not "for recovery of a commission for the sale or purchase of real estate" and that therefore his contract is not rendered unenforceable because it is not in writing and signed by the party to be charged. We disagree.

It is true that when a broker has contracted for an exclusive agency and the principal wrongfully breaches the contract, the broker is entitled to recover damages. *Park v. Swartz,* 110 Tex. 564, 222 S.W. 156 (1920). It has also been said that, in such instances, the broker's cause of action is not to recover the commission promised to him but to recover damages for the principal's breach. *Albright v. Texcellere Corp.,* 561 S.W.2d 533, 541 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). The measure of damages to which the broker is entitled for the principal's breach, however, is the amount of his probable earnings under the contract, or in other words, his commission. *Park,* 222 S.W. at 156; *Albright,* 561 S.W.2d at 541 (and the cases cited therein). Therefore, even though Cook is not suing for a commission on a completed sale, and even though he was to have been paid by an undetermined third party seller, he is nonetheless suing the City of Plano for the commission he might have received but for the breach. It would be ironic if a broker could recover his commission after breach of a contract which would not support recovery of a commission from his principal had it been performed. *See Sherman v. Bruton,* 497 S.W.2d 316, 321 (Tex.Civ.App.—Dallas 1973, no writ) (since broker could not recover commission, he could not recover for same services on an implied contract or quasi-contract theory).

In light of appellant's argument, we have carefully reviewed the case law in Texas with respect to recovery of compensation by real estate brokers for services rendered by them as real estate agents. We conclude that our courts have consistently denied recovery of compensation due for rendition of services governed by article 6573a, where a contract in writing has not been executed by the party charged. Recovery has been denied when fraud, conspiracy, and deceit have been pled, where quantum meruit has been pled, and when breach of contract has been pled. To permit recovery for these services by mere semantics, or mischaracterization of the actual recovery sought, would be to emasculate the true intent of the statute, and to judicially legislate a cause of action heretofore denied by our legislature. This we decline to do. An analysis of each case on which we base this conclusion would be burdensome and unnecessary in this opinion. We rely on those cases previously cited, and additionally, *Breeding v. Anderson,* 152 Tex. 92, 254 S.W.2d 377 (1953); *Great Western Drilling Co. v. Simmons,* 157 Tex. 268, 302 S.W.2d 400 (1957); *Goen v. Hamilton,* 159 S.W.2d 231 (Tex.Civ.App.—Amarillo 1942, no writ); *Estes v. Dow,* 290 S.W.2d 561 (Tex.Civ.App.—Galveston 1956, no writ); *Wingo v. Farley,* 318 S.W.2d 955 (Tex.Civ.App.—Amarillo, no writ); and all cases cited therein. We hold that Section 20(b) applies to the facts of this case. Appellant's first point of error is overruled.

In his second point of error, Cook contends that the trial court erred in granting summary judgment for the City of Plano because the evidence raised genuine issues of material fact. The issues which Cook contends are raised by the evidence include whether a contract was made, whether the contract was breached, whether Cook was damaged by the breach, and the amount of Cook's damages. However, our disposition of the first point of error renders each of these issues immaterial, therefore no error is shown. Appellant's second ground of error is overruled.

Affirmed.