Edwin I. (Buddy) McKELLAR, III, Appellant,

v.

Esther Mary MARSAC, Appellee.

No. 01–88–01077–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 14, 1989.

Joyce F. Jones, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron, Rebecca Gardner, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and O'CONNOR and DUGGAN, JJ.

## OPINION

DUGGAN, Judge.

This is an appeal from a summary judgment rendered in favor of the defendant/appellee upon proof of an affirmative defense.

Appellant, Edwin "Buddy" McKellar, III, sued appellee, Esther Mary Marsac, for money allegedly due him under an oral joint venture agreement for the development and sale of land she owned in Oklahoma, or alternatively, in quantum meruit for his services rendered and labor done in the development and sale of the land.

McKellar, a licensed Texas real estate broker, pleaded that: (1) on or about October 19, 1982, in Houston, Texas, he, Mrs. Marsac, and her son, John Edward "Jeddie" Marsac entered into an agreement for the development and sale of certain land she owned in Oklahoma; (2) Jeddie Marsac died in November 1982; (3) Mrs. Marsac thereafter prevailed upon McKellar to continue his efforts; and (4) she agreed to pay him a share of the ultimate proceeds from any development and sale of the land, as compensation for the time and money he expended. According to McKellar, the agreement was verbal; there is no writing evidencing the joint venture agreement.

Several weeks after Jeddie's death, McKellar presented to Mrs. Marsac an earnest money contract from a prospective buyer. Eventually, she signed the earnest money contract and submitted it to the title company. In the contract, the lines specifying the realtor's commission were crossed out. In February 1983, Mrs. Marsac completed the sale of the property to the buyer whom McKellar had initially found. Following the sale, McKellar demanded payment from Mrs. Marsac in the amount of $6,716.25, pursuant to the al-

leged agreement. She refused to pay, and McKellar filed suit in November 1983.

Mrs. Marsac moved for summary judgment and, in her amended motion, asserted: (1) Texas law governed the agreement between the parties; and (2) under Tex.Rev. Civ.Stat.Ann. art. 6573a, sec. 20(b) (Vernon Supp.1989),[1] a real estate broker cannot recover a commission for the sale or purchase of real estate unless the agreement for such commission is in writing, and signed by the person charged with its payment. The trial court granted Mrs. Marsac's amended motion for summary judgment without stating its reasons.

In a single point of error, McKellar asserts the trial court erred in granting Mrs. Marsac's amended motion. He lists four reasons.

■ First, he contends, the sole ground upon which Mrs. Marsac's amended motion for summary judgment is predicated is not supported by her pleadings. Mrs. Marsac's first amended original answer pleaded the affirmative defenses of the statute of frauds and Tex.Rev.Civ.Stat.Ann. art. 6573a, sec. 1. However, in her amended motion for summary judgment, she alleged that McKellar was not entitled to recover what was, in effect, a real estate commission unsupported by a written promise, agreement, or memorandum, as required by art. 6573a, sec. 20(b). McKellar concludes that the summary judgment should therefore be denied because of the pleading discrepancy between Mrs. Marsac's amended answer and her amended motion for summary judgment.

We disagree. Article 6573a, sec. 1 provides the short title for the Real Estate License Act. The reference in Mrs. Marsac's amended answer to the entire Act, by mention of its short title, coupled with the reference to the statute of frauds, was sufficient to put the reader on notice of Mrs. Marsac's affirmative defense of lack of a statutorily required written agreement. We reject McKellar's first claim of error.

■ McKellar's second argument asserts that Mrs. Marsac's pleadings and proof are directed only to his claim of an oral joint venture agreement, which she pleads is barred by the Texas Real Estate License Act. He argues that she ignores his alternative claim of quantum meruit, and his further alternative claim that she admitted liability to pay him "any amount found to be fair at the trial."

We again disagree. In addition to denying any legal basis for McKellar's recovery under an oral joint venture agreement, Mrs. Marsac's amended motion cited and discussed the rule of law announced in *Cook v. City of Plano*, 656 S.W.2d 607 (Tex.App.—Dallas 1983, writ ref'd n.r.e.), and quoted from the opinion as follows:

> We have carefully reviewed the case law in Texas with respect to recovery of compensation by real estate brokers for services rendered by them as real estate agents. We conclude that our courts have consistently denied recovery of compensation due for rendition of services governed by article 6573a, where a contract in writing has not been executed by the party charged. Recovery has been denied when fraud, conspiracy, and deceit have been pled, *where quantum meruit has been pled, and when breach of contract has been pled.* To permit recovery for these services by mere semantics, or mischaracterization of the actual recovery sought, would be to emasculate the true intent of the statute, and to judicially legislate a cause of action heretofore denied by our legislature. This we decline to do.

656 S.W.2d at 608 (emphasis added). The Dallas Court of Appeals earlier held that if recovery of a commission for a broker's services under an oral contract is barred under art. 6573a, sec. 20(b), no recovery could be allowed in quantum meruit for the reasonable value of such services. *Sherman v. Bruton*, 497 S.W.2d 316, 321 (Tex. Civ.App.—Dallas 1973, no writ). To allow

1. This statute is part of the Texas Real Estate License Act, Tex.Rev.Civ.Stat.Ann. art. 6573a, sections 1–21 (Vernon Supp.1989).

such a recovery would defeat the purpose of the statutory requirement of a written memorandum. *Id.*

Mrs. Marsac's amended motion for summary judgment, therefore, pleaded and brought to the court's attention the unavailability to a broker, as a matter of law, of quantum meruit as a basis for relief when there is no writing "executed by the party charged." We interpret the allegation of an oral agreement that the seller will "pay any amount found fair at trial," to be the equivalent of an allegation of an agreement to pay in quantum meruit. Therefore, we reject McKellar's second claim of error.

■ McKellar's third argument in support of his point of error states that the trial court erred in finding that Mrs. Marsac sustained her burden of proof that the oral agreement was to pay a commission on the sale of real estate, and not to form a joint venture agreement.

A defendant who moves for summary judgment on the basis of an affirmative defense, as Mrs. Marsac did here, must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). She must meet the burden of showing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Article 6573a, sec. 20(b) provides:

An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged....

To prove an affirmative defense entitling her to a summary judgment, in reliance on art. 6573a, sec. 20(b), Mrs. Marsac must establish that: (1) McKellar's suit is for the recovery of a commission for the sale or purchase of real estate; and (2) she signed

no written promise, agreement or memorandum to pay a commission.

Neither party contends that a written agreement exists between McKellar and Mrs. Marsac. Therefore, the issue for this Court is whether, as a matter of law, Mrs. Marsac established that the lawsuit brought by McKellar was in fact an action for recovery of a real estate sale commission. We find that McKellar's responses to Mrs. Marsac's Interrogatory No. 7, and to questions propounded during his deposition, conclusively show that he was, in fact, engaged in selling Mrs. Marsac's property and expected to be paid a portion of the sale proceeds for his efforts.

In commenting on art. 6573a, sec. 20(a),[2] the supreme court has said that the substance of the contract at issue controls, not its form, and that to hold otherwise would encourage unlicensed entities to develop devices or indirections to evade the salutary purposes of the Real Estate License Act. *Henry S. Miller Co. v. Treo Enter.*, 585 S.W.2d 674, 676–77 (Tex.1979). While the facts in *Miller* can be distinguished from those before us, the reasoning of the supreme court is equally persuasive in the present case. Characterizing the sale of real estate as a joint venture activity, and labelling a commission as a share of the profits from the joint venture, makes the transaction described in this lawsuit no less a real estate sale for a commission. A salutary purpose of the Real Estate License Act is to protect sellers and buyers of real estate from real estate broker commission claims, unless those claims are supported by written agreements.

We acknowledge that several cases cited by McKellar appear to indicate that the Real Estate License Act does not apply where the parties are engaged in a transaction as joint venturers. *Kaiser Gypsum Co. v. Jordan*, 399 S.W.2d 588 (Tex.Civ. App.—Waco 1966, writ ref'd n.r.e.); *Mummert v. Stekoll Drilling Co.*, 352 S.W.2d 526 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.); *Coats v. Windham*, 254 S.W.2d 530 (Tex.Civ.App.—Beaumont 1953, writ ref'd

---

**2.** Article 6573a, sec. 20(a) provides that a person may not bring an action to recover a real estate sale commission, unless he pleads and proves that he is a licensed real estate broker.

n.r.e.); *Gill v. Smith,* 233 S.W.2d 223 (Tex. Civ.App.—Galveston 1950, writ ref'd n.r.e.).

*Gill v. Smith,* the first of this series of decisions and the authority relied on in the later decisions, held that the Real Estate License Act did not prohibit persons not licensed under the Act from purchasing real property as joint venturers, selling it, and dividing the profits among the members of the venture, even when one member had contributed only services to the venture. 233 S.W.2d at 229. Our facts differ in that Mrs. Marsac undisputedly owned the land in question prior to the alleged joint venture agreement, when McKellar had no interest in the property.

We reject the argument that McKellar raised an issue as to the existence of a joint venture agreement, and not the payment of a real estate sales commission.

■ Fourth and finally, McKellar urges that because Oklahoma real property is involved, the substantive law of Oklahoma applies in determining the existence of a joint venture agreement, and whether the facts establish a valid Oklahoma joint venture agreement.

The decision as to which state's law governs a transaction is a question of law. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 421 (Tex.1984). In *Duncan,* the supreme court announced that in all choice of law cases, except contract cases in which the parties agreed to a valid choice of law clause, the issue will be resolved by applying the law of the state with the most significant relationship to the particular substantive issue. *Duncan,* 665 S.W.2d at 421.

McKellar's deposition testimony shows that both he and Mrs. Marsac were residents of Houston; that all of their discussions took place in Houston; that the alleged joint venture agreement was made in Houston on October 19 and 20, 1982; and that McKellar's only trip in connection with the Oklahoma property took place before that time. He makes no allegation that he and Mrs. Marsac agreed that their joint venture would be governed by Oklahoma law. No issues in the case concern the real property; all issues revolve around the existence, terms, and interpretation of the alleged oral joint venture agreement. Accordingly, we hold as a matter of law that Texas, not Oklahoma, is the state with the most significant relationship to the issues, and the law of Texas applies.

As defendant-movant for summary judgment, Mrs. Marsac proved a sale of real property to which she had title, an attempted recovery of a portion of the sale proceeds by a real estate broker, and the absence of a written agreement between the broker and seller. None of these facts are disputed by McKellar. Because we find as a matter of law that McKellar's action is in reality one for recovery of a real estate sale commission, we hold that Mrs. Marsac has conclusively established all essential elements of her affirmative defense. The trial court properly granted summary judgment.

Appellant's sole point of error is overruled.

We affirm the judgment of the trial court.