LA & N INTERESTS, INC. d/b/a
Ameritec Realty and Duane
Kersten, Appellants,

v.

Michael L. FISH, Fran M. Griffin, Fran
M. Griffin, Inc. d/b/a Fran Griffin Prop-
erties, Alyson Griffin, and North Hous-
ton Realty, Appellees.

No. C14–92–00741–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 14, 1993.

Helena C. Papadopoulos, Houston, for appellants.

Dan Kennerly, Gary L. Murphree, Houston, for appellees.

Before ROBERTSON and CARSON, JJ., and MORSE, J., Assigned.

## OPINION

ROBERT E. MORSE, Jr., Former Justice.

This appeal of summary judgments involves breach of contract, tortious interference with contract, and conversion. LA & N Interests, Inc. d/b/a Ameritec Reality ("Ameritec Realty") and Duane Kersten sued Michael L. Fish; Alyson Griffin, Fran M. Griffin, and Fran M. Griffin, Inc. d/b/a Fran Griffin Properties (collectively "Griffin Properties"); and North Houston Realty ("Houston Realty"). Ameritec Realty and Kersten sought to recover a real estate commission on the sale of a house and/or damages for interference with their buyer's brokerage agreement with Fish and conversion of their fee expectancy. The trial court granted Fish's and Griffin Properties' motions for summary judgment and severed the remaining cause against Houston Realty. Ameritec Realty and Kersten appeal the summary judgments. We affirm in part, reverse in part.

On or about July 28, 1991, Ameritec Realty and Fish entered into a Buyer's Representation Agreement (the "Agreement"). The Agreement was signed by Fish, as buyer, and Kersten as agent for Ameritec Realty. Kersten was an independent contractor broker under contract to Ameritec Realty.

Under the Agreement, Ameritec Realty was Fish's "exclusive agent to represent and assist [Fish] in locating and negotiating the terms and conditions for the purchase or other acquisition of real property...." The Agreement ran from July 28 to October 19, 1991, and provided that Ameritec Realty "shall inform all prospective Sellers, Lessors and their agents, with whom [Ameritec Realty] negotiates pursuant to this Agreement, that [Ameritec Realty] is acting on behalf of [Fish], and shall be paid a Professional Service Fee as provided in Paragraph 5 hereof."

Paragraph 5 states that "[Fish] shall have no liability or obligation to pay a Professional Service Fee to [Ameritec Realty]." The Agreement specified that the then unknown "Seller" would pay Ameritec Realty's fee.

Spring Creek Oaks, Inc. owned a piece of property and listed it with Houston Realty. Griffin Properties negotiated a contract for the sale of the property to Fish. Neither Ameritec Realty nor Kersten was involved in the transaction. The participating brokers, Griffin Properties and Houston Realty, split a $7,800 commission.

In sum, Ameritec Realty and Kersten contend that (1) after Fish signed the Agreement with them, he purchased real property with the assistance of Griffin Properties, (2) Griffin Properties knew of the Agreement between Ameritec Realty and Fish, (3) the seller of the property paid a commission to Griffin Properties and Houston Realty, (4) the Agreement entitled Ameritec Realty and Kersten to at least a share of the commission, and (5) Fish and Griffin Properties were liable for the share of the commission paid to Griffin Properties. Ameritec Realty and Kersten also claimed actual and punitive damages for tortious interference with the Agreement and conversion of their fee expectancy.

The trial court granted Fish's and Griffin Properties' summary judgment motions, and Ameritec Realty and Kersten appeal.

In two points of error, Ameritec Realty and Kersten complain that the trial court erred in granting the summary judgments because Fish's and Griffin Properties' summary judgment proofs did not establish that there were no issues of material fact.

The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, we take evidence favorable to the non-movant as true. *Id.* We indulge every reasonable inference in favor of the non-movant and resolve any

doubts in his favor. *Id.* If the movant's motion and summary judgment proof facially establishes his right to judgment as a matter of law, then the burden shifts to the non-movant to raise fact issues precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). A defendant, to be entitled to summary judgment, is required to disprove at least one essential element of each pleaded cause of action or otherwise show that plaintiffs could not succeed on any theory pleaded. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975).

■ The order granting the summary judgments did not specify the grounds on which the judgments were based. In this circumstance, we affirm the summary judgments on any ground raised by the respective motions that is supported by the summary judgment proof and the applicable law. *Wavell v. Roberts,* 818 S.W.2d 462, 464 (Tex. App.—Corpus Christi 1991, writ denied).

### Fish's Summary Judgment

Fish moved for summary judgment against Kersten on grounds that Kersten was not a party to the Agreement. Fish moved against Ameritec Realty on grounds that (1) Ameritec Realty did not have a real estate license, and (2) there was no written, signed promise by Fish to pay a commission.

#### *Kersten Not a Party to Agreement*

It was undisputed that the trial court granted Fish and Griffin Properties' special exceptions to Ameritec Realty and Kersten's pleadings. Fish and Griffin Properties complained that Ameritec Realty and Kersten had not pled facts establishing that Kersten had any claims against Fish and Griffin Properties in Kersten's individual capacity. Specifically, Fish and Griffin Properties argued that the pleadings did not allege facts establishing that Kersten was a party to the Agreement. Ameritec Realty and Kersten amended their pleadings, but Fish and Griffin Properties contend that the pleading deficiencies were not cured.

■ The question of whether a contract is ambiguous is one of law for the court. *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex. 1983). If the language of the contract can be read to have a certain or definite legal meaning or interpretation, the contract is not ambiguous, and construction of the contract is then a matter of law for the court. *Id.* at 393.

It was undisputed that the Agreement attached to Ameritec Realty and Kersten's pleadings was the basis of their claims against Fish. Kersten's name does not appear as a party in the Agreement. Under the unambiguous, express terms of the contract, Ameritec Realty, as broker, (1) was appointed as Fish's agent, (2) was to perform the services for Fish, (3) was authorized to use subagents, and (4) *was not authorized* to assign the Agreement without Fish's prior written consent. The Agreement ended with the following signature block:

EXECUTED THIS <u>28</u> day of <u>July</u>, <u>1991</u>

| <u>*Ameritec Realty* (hand printed)</u> | <u>*Michael L. Fish* (signature)</u> |
|---|---|
| BROKER | BUYER |
| BY: <u>*Duane Kersten* (signature)</u> | |
| AGENT | |

---

■ We find that the Agreement is unambiguous and that Kersten was not a party to the contract. Kersten has no legally cognizable interest in the commission and cannot maintain an action on the Agreement in his own name and in his own right. *See Schmidt v. Matise,* 747 S.W.2d 883, 885 (Tex.App.— Dallas 1988, writ denied). Not being named as the broker in the Agreement, Kersten could not recover a real estate commission even under a theory of partial performance. *Boyert v. Tauber,* 834 S.W.2d 60, 64 (Tex. 1992).

■ As for Kersten's tortious interference claim, we observe that Fish could not inter-

fere with his own contract, the Agreement. *Barker v. Brown*, 772 S.W.2d 507, 510 (Tex. App.—Beaumont 1989, no writ). However, Kersten seems to argue that Fish interfered with Kersten's independent contractor agreement with Ameritec Realty. But Kersten never pled that Fish, or anyone else, induced or forced Ameritec Realty to breach its contract with Kersten. We find that the independent contractor agreement provided no basis for a tortious interference claim by Kersten against Fish.

■ As for Kersten's conversion claim, we have found that Kersten was not a party to the Agreement and therefore had no cognizable interest in the commission. Without a legal right to the commission, Kersten has no claim for conversion against Fish. *See Cissne v. Robertson*, 782 S.W.2d 912, 918 (Tex.App.—Dallas 1989, writ denied).

In sum, we find that Fish established as a matter of law that Kersten, in his individual capacity, could not recover against him. We affirm Fish's summary judgment to that extent.

### *Ameritec Realty's License*

Section 20(a) of the Texas Real Estate License Act ("RELA") provides:

> A person may not bring or maintain an action for the collection of compensation for the performance in this state of an act set forth in Section 2 of this Act without *alleging and proving* that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced....

TEX.REV.CIV.STAT.ANN. art. 6573a, § 20(a) (Vernon Supp.1993) (emphasis added).

Fish argues that Ameritec Realty did not allege in its pleadings that it had a real estate license. Fish further contends that Ameritec Realty did not *have* a license. If either of Fish's contentions is true, Ameritec Realty could not maintain a cause of action for recovery of a real estate commission.

■ The Agreement was incorporated into Ameritec Realty's pleadings as an exhibit. The Agreement contained the statement, "THIS AGREEMENT is made by and be-tween Ameritec Realty ..., a *duly licensed real estate broker* under the provisions of the Texas Real Estate License Act, and Mr. & Mrs. M. Fish...." (Emphasis added.) We find that this statement was sufficient to put Fish on notice that Ameritec Realty was alleging that it possessed a real estate license.

■ To prove that Ameritec Realty did not have a license, Fish offered as summary judgment proof a certified statement by the custodian of records of the Texas Real Estate Commission "that a Texas real estate license has not been issued *in the name of* LA & N Interests, Inc." (Emphasis added.) However, this official statement does not prove as a matter of law that a real estate license had not been issued in the name of "Ameritec Realty," the duly-recorded assumed name under which the corporation, LA & N Interests, Inc., operated. "Ameritec Realty," not "LA & N Interests, Inc.," was the express party to the Agreement with Fish. We find that Fish did not establish as a matter of law that Ameritec Realty did not have a real estate license. We find that Fish's summary judgment cannot stand on these grounds.

### *Written Promise to Pay*

Section 20(b) of the RELA specifies:

> An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged....

Art. 6573a, § 20(b).

Fish asserts that the Agreement relied on by Ameritec Realty in its pleadings did not contain a written, signed promise by Fish to pay a commission.

■ Generally, the writing supporting a traditional seller's brokerage agreement must meet four requirements, (1) that it be signed by the person to be charged with the commission, (2) contain a promise that a definite commission be paid or refer to a written commission schedule, (3) state the

name of the broker to whom the commission is to be paid, and (4) identify with reasonable certainty the land to be conveyed. *Moser Co. v. Awalt Indus. Properties, Inc.,* 584 S.W.2d 902, 906 (Tex.Civ.App.—Amarillo 1979, no writ). Parol evidence is not admissible to establish these essential elements. *Boyert, supra* at 62. Here, we are dealing with a *buyer's* representation agreement. The property to be conveyed is as yet undetermined. Therefore, the property description element of the writing requirement is inapplicable to a buyer's brokerage contract. However, we find that the remaining three essential elements apply.

█ It is undisputed that the Agreement, attached to Ameritec Realty and Kersten's amended petition, is the "agreement on which the action is brought." The Agreement contains the name of the broker to be paid, Ameritec Realty. However, we can find no terms charging Fish with an obligation to pay a commission. Nor does the writing specify the amount of any commission or a method of calculation. In fact, the Agreement expressly states that "If [Fish] acquires any Property ... with or without the assistance of [Ameritec Realty], during the term hereof ..., in such event, [Fish] shall have no liability or obligation to pay a Professional Service Fee to [Ameritec Realty]." We therefore find that the Agreement does not satisfy the RELA writing requirement to enable Ameritec Realty to recover a real estate commission from Fish.

Regarding Ameritec Realty's tortious interference with contract claim against Fish, we again note that Fish could not tortiously interfere with his own contract. *See Barker, supra.* Also, since Ameritec Realty had no legal right to a commission from Fish, Ameritec Realty has no cause of action against Fish for conversion. *See Cissne, supra.*

█ While we believe that fact issues exist pertaining to whether Fish breached his exclusive agency agreement with Ameritec Realty, Texas law is clear that a plaintiff cannot evade the RELA writing requirement by characterizing a claim for a real estate commission in breach of contract terms. *See Cook v. City of Plano,* 656 S.W.2d 607, 608 (Tex.App.—Dallas 1983, writ ref'd n.r.e.).

"It would be ironic if a broker could recover his commission after breach of a contract which would not support recovery of a commission from his principal had it been performed." *Id.* We find that Fish has demonstrated the absence of a written promise to pay and is therefore entitled to summary judgment against Ameritec Realty.

In sum, we find that Fish established his right to judgment as a matter of law as to both Kersten and Ameritec Realty. Accordingly, Fish is off the hook.

### Griffin Properties' Summary Judgment

Ameritec Realty and Kersten sued Griffin Properties for tortious interference with contract and conversion. Ameritec Realty and Kersten allege that Griffin Properties knew of the Agreement between Ameritec Realty and Fish, caused Fish to breach their exclusive agency relationship, and converted their fee expectancy.

In their motion for summary judgment, Griffin Properties asserted essentially the same grounds as Fish and relied on the same proof.

For the reasons previously discussed, we find that Kersten was not a party to the Agreement, had no legal right to a commission under that Agreement, and could not prevail against Fish or Griffin Properties in his individual capacity. We affirm Griffin Properties' summary judgment regarding the dismissal of claims brought by Kersten in his individual capacity.

It remains to consider whether Griffin Properties proved as a matter of law that Ameritec Realty could not prevail in its tortious interference or conversion claims.

We first find, for the reasons discussed earlier, that Griffin Properties' summary judgment cannot stand on grounds that Ameritec Realty did not allege or did not have a real estate license. We have found that Ameritec Realty did allege possession of a license, and the summary judgment proof did not establish, as a matter of law, that Ameritec Realty did not have a license.

█ Next, Griffin Properties would have us hold that the inability of Ameritec Realty

to meet the RELA writing requirement and recover against Fish renders Ameritec Realty's tortious interference and conversion claims against Griffin Properties untenable. This we decline to do.

Under our discussion of Fish's summary judgment, we found that Ameritec Realty could not avoid the RELA writing requirement by couching a claim for a commission in breach of contract terms. Failure of the Agreement to contain a promise to pay on the part of Fish negated any claim by Ameritec Realty against Fish for recovery of a real estate commission. However, we find that Griffin Properties' posture in this case, as a broker in competition with Ameritec Realty, is significantly different from that of Fish with respect to the applicability of the strict RELA writing requirement.

 The purpose of the RELA is to eliminate or reduce fraud which might be occasioned *on the public* by unlicensed, unscrupulous, or unqualified persons. *Henry S. Miller Co. v. Treo Enters.*, 585 S.W.2d 674, 675–676 (Tex.1979). The RELA is intended to guarantee the fidelity and honesty of real estate salesmen in their dealings *with the public* to insure and indemnify any *member of the public* against damages or injuries caused by a violation of the RELA. *State v. Pace*, 640 S.W.2d 432, 433 (Tex.App.—Beaumont 1982), *aff'd*, 650 S.W.2d 64 (Tex.1983). We agree that a broker cannot escape the writing requirement by pleading fraud, conspiracy, deceit, quantum meruit, or breach of contract against the buyer or seller party to a brokerage agreement. *See City of Plano, supra.* But we do not believe that the legislature intended that the same protection be afforded a third-party intervening broker who allegedly interferes with another broker's exclusive agency agreement.

In *Clements v. Withers*, 437 S.W.2d 818 (Tex.1969), a broker and seller had an oral brokerage agreement. A buyer tortiously interfered with that agreement resulting in the broker's losing his commission. *Id.* at 820. The Court held that "the unenforceability of the [oral brokerage agreement] is no defense to an action for tortious interference with its performance...." *Id.* at 821. In the instant case, Ameritec Realty had a writ-

ten contract with Fish, which contract lacked a promise by Fish to pay a commission. It is true that Ameritec Realty cannot recover a commission from Fish. But it is only the special protection that the RELA provides Fish that prevents Ameritec Realty from seeking to recover contract damages against Fish for breach of their exclusive agency agreement. We find that Griffin Properties, as another broker, is not entitled to the same protection as Fish. We find that the failure of the Agreement to meet the RELA writing requirement is no defense to Ameritec Realty's claim against Griffin Properties for tortious interference and conversion. *See also, Gaitz v. Markman*, 482 S.W.2d 391 (Tex.Civ. App.—Houston [14th Dist.] 1972, no writ).

We are aware that in *Cissne v. Robertson* the court held that a real estate salesman could not evade RELA's licensing requirement by asserting tort claims such as tortious interference with contract. *See Cissne, supra.* But *Cissne* is distinguishable. First, the real estate salesman in *Cissne* was unlicensed as a broker. It would have been illegal for the salesman to accept a commission from the seller. *See* art. 6573a, § 1(d). In the present case, assuming Ameritec Realty was licensed, it would not have been illegal for it to accept a commission from Fish. The Agreement between Ameritec Realty and Fish merely failed to meet the RELA writing requirement for recovery of a commission, it was not an illegal contract. Second, the tortious interference claim by the salesman in *Cissne* was against the seller who had contracted to pay him a commission, not an intervening third party as in the instant case.

Under the Agreement, Fish "irrevocably appoint[ed] [Ameritec Realty] as [Fish's] exclusive agent to represent and assist [Fish] in locating and negotiating the terms and conditions for the purchase or other acquisition of real property...." The Agreement specified Fish's duties: "[Fish] shall conduct through [Ameritec Realty] all efforts to locate suitable Property or Properties.... and shall conduct through [Ameritec Realty] all negotiations for the purchase or other acquisition of any and all Properties.... [Fish] agrees to refer all inquiries received by

[Fish] to [Ameritec Realty] and cooperate fully with [Ameritec Realty] in the said purchase negotiations and in locating Property or Properties acceptable to [Fish]." The Agreement further provided that Ameritec Realty "shall inform all prospective Sellers, Lessors and their agents, with whom [Ameritec Realty] negotiates pursuant to this Agreement, that [Ameritec Realty] is acting on behalf of [Fish], and *shall be paid* a Professional Service Fee as provided in Paragraph 5 hereof." (Emphasis added.) However, Paragraph 5 states: "BUYER AND BROKER agree that any Professional Service Fee due BROKER for services performed hereunder shall be payable by and in the manner described below (Check one box): ... ☒ SELLER: ...." Paragraph 5 further states that "... BUYER shall have no liability or obligation to pay a Professional Service Fee to BROKER. The parties hereto agree that payment of a Professional Service Fee by the Seller or listing broker to BROKER shall not alter the agency relationships of the parties...."

Reading the Agreement as a whole, our legal interpretation of the commission arrangements is that (1) Fish imparted to Ameritec Realty a status as his exclusive agent, (2) Ameritec Realty was authorized to assist Fish in finding a suitable property and to negotiate for Fish acceptable terms of purchase, and (3) significantly, Ameritec Realty was authorized to utilize its status as Fish's exclusive agent to negotiate for itself a commission to be paid by the seller. Therefore, damages could arise from Fish's breach of the exclusive agency provisions of the Agreement in that Ameritec Realty would be deprived of the opportunity to use its exclusive status as Fish's agent to negotiate a commission for itself from the seller or negotiate the sharing of a commission with other participating brokers. Thus, Ameritec Realty has a contract right subject to tortious interference.

We find that Griffin Properties has not established as a matter of law that Ameritec Realty could not prevail against it on tortious interference with contract. We find that Ameritec Realty's inability to sue Fish for a real estate commission or contract damages because of the RELA's protection of Fish does not preclude Ameritec Realty's recovery of damages from intervening third-parties such as Griffin Properties.

Griffin Properties has not shown its right to final judgment as a matter of law. Fact issues remain to be resolved concerning Griffin Properties' alleged interference with the Agreement and its alleged conversion of any Ameritec Realty fee expectancy.

### Conclusion

We sustain points one and two in part. We affirm Fish's summary judgment as to both Kersten and Ameritec Realty. We also affirm Griffin Properties' summary judgment to the extent that it dismisses Kersten's individual claims. However, we reverse that portion of Griffin Properties' summary judgment relating to Ameritec Realty's claims for tortious interference with contract and conversion.

Affirmed in part, reversed and remanded in part.