cv5-625 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00625-CV







David Minter, Individually and d/b/a David Minter Estate Homes, Appellant



v.



Tejas/Conti Realty Corp. and Ronald B. Helle, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-09010, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING





 


 Appellants, David Minter, individually and d/b/a David Minter Estate Homes
("Minter"), appeal from a judgment in favor of appellees, Tejas/Conti Realty Corp. and
Ronald B. Helle (collectively "Helle"). In five points of error, Minter contends that the trial
court erred in granting judgment for appellees on the basis of the Builder Referral Agreement
("the Agreement") and in refusing to permit a trial amendment regarding negligent
misrepresentation. We will reverse the judgment of the trial court.



BACKGROUND

 Frank and Elaine Schulte, who were moving from California to Austin, contacted
Helle in hopes of purchasing a home in the Austin area. After attempts to find an existing home
failed, Helle eventually located a lot acceptable to the Schultes. They agreed to purchase the lot
only on the condition that Minter build a home on it. Minter drew up the plans for the home and
the deal closed. Helle received a $15,000 commission on the sale of the lot.

 Before closing on the lot, Helle asked Minter to sign the Agreement, which entitled
Helle to receive a 3% commission on the price of a "custom or speculative home" to be built by
Minter. When Minter made a proposal to the Schultes on the cost of construction, he included
Helle's commission. The Schultes, however, insisted that they never agreed to pay this
commission and would not allow this fee to be calculated in the cost of the home. Minter then
refused to pay the commission to Helle and Helle brought this suit. 



DISCUSSION

 In Minter's first point of error, he contends that the trial court erred in granting
judgment on the basis of the Agreement. He claims that the Agreement does not meet the
requirements of section 20(b) of the Texas Real Estate License Act (RELA). Tex. Rev. Civ. Stat.
Ann. art. 6573, § 20 (West Supp. 1996). Helle in turn contends that RELA does not bar his
recovery because the Agreement involves a commission based on the construction costs of a home,
including labor and materials, rather than on real estate. We disagree.

 Whether a contract is ambiguous is a question of law. R & P Enters. v. LaGuarta,
Gavrel & Kirk, Inc., 596 S.W.2d 517, 518 (Tex. 1980). If a contract is so worded that it can be
given a certain and definite meaning or interpretation, it is not ambiguous. Alba Tool & Supply
Co. v. Industrial Contractors, Inc., 585 S.W.2d 662, 664 (Tex. 1979); Universal C.I.T. Credit
Corp. v. Daniel, 243 S.W.2d 154, 157 (Tex. 1951). Only if a contract is first found to be
ambiguous may the court consider the parties' interpretation; if the meaning of the contract is
plain and unambiguous, a party's construction is immaterial. Sun Oil Co. (Delaware) v. Madeley,
626 S.W.2d 726, 728 (Tex. 1981). 

 The Agreement signed by Minter and Helle provides in part: 



Builder, David Minter , agrees to pay a referral fee in the amount of 3% of
the sales price of any custom or speculative home purchased by: Frank and Elaine
Schulte. This referral fee is based upon the sales price of the constructed home
only and does not include the cost of the lot. Builder agrees to pay this referral to: 
 Ron Helle a licensed real estate agent with Tejas/Conti Realty Corp.



The Agreement makes no mention of the cost of labor and materials, nor does it mention
improvements to the land. Rather, it unambiguously calculates the recovery of Helle's
commission on the sales price of a constructed "home." Helle's interpretation of the Agreement
is inconsistent with its unambiguous language. We conclude that the "home" referred to in the
contract means a completed home and not labor or materials. 

 RELA applies to individuals who receive consideration for procurement of real
estate. Tex. Rev. Civ. Stat. Ann. art. 6573, § 4 (West Supp. 1996). Helle clearly fits this
description. Under RELA section 20(b), a party cannot seek to recover a commission without an
agreement in writing. Section 20(b) provides: 



An action may not be brought in a court in this state for the recovery of a
commission for the sale or purchase of real estate unless the promise or agreement
on which the action is brought, or some memorandum thereof, is in writing and
signed by the party to be charged or signed by a person lawfully authorized by him
to sign it.



Tex. Rev. Civ. Stat. Ann. art. 6573, § 20(b) (West Supp. 1996) (emphasis added). RELA section
2 defines "real estate" as: "a leasehold, as well as any other interest or estate in the land, whether
corporeal, incorporeal, freehold, or nonfreehold, and whether the real estate is situated in this
state or somewhere else." Tex. Rev. Civ. Stat. Ann. art. 6573a, § 2(1) (West Supp. 1996). The
Agreement in this case clearly falls under section 20(b) because it involves a home which is
corporeal property and thus real estate.

 In order to comply with the requirements under section 20(b), the writing
supporting the agreement must: be signed by the person to be charged with the commission,
contain a promise that a definite commission be paid or refer to a written commission schedule,
state the name of the broker to whom the commission is to be paid and identify with reasonable
certainty the land to be conveyed. Moser Co. v. Awalt Indus. Properties, Inc., 584 S.W.2d 902,
906 (Tex. Civ. App.--Amarillo 1979, no writ). In determining whether the property has been
adequately described, the same test should be applied as that required to show compliance with
the Statute of Conveyance and Statute of Frauds. Tidwell v. Cheshier, 265 S.W.2d 568, 569
(Tex. 1954); see Boyert v. Tauber, 834 S.W.2d 60, 62-63 (Tex. 1992). The writing must furnish
within itself, or by reference to some other existing writing, the means or data by which particular
land may be identified. See e.g., Owen v. Hendricks, 433 S.W.2d 164, 166 (Tex. 1968). In this
case, the description of the property is a "custom or speculative home." It does not identify the
property or the location of any home with any specificity. Without stating anything further
regarding the particular location of the property, Helle is prohibited from bringing an action to
recover his commission. 

 Helle attempts to characterize the basis for recovery as breach of contract. 
However, under Texas law it is clear that a plaintiff cannot evade the RELA writing requirement
by characterizing a claim for a real estate commission in breach of contract terms. LA & N
Interest, Inc. v. Fish, 864 S.W.2d 745, 751 (Tex. App.--Houston [14th Dist.] 1993, no writ). It
would be ironic if a broker could recover his commission after breach of a contract when the
contract itself would not support recovery of a commission from his principal had it been
performed. Id. Helle cannot circumvent the requirements of this act by claiming that his
commission is based on construction costs, rather than on the purchase of real estate.



CONCLUSION

 Having concluded that the Agreement falls within RELA, it is clear that the writing
fails to specify the property with any particularity. We find that the trial court erred in allowing
Helle to recover on this basis and uphold point of error one. Accordingly, we need not address
the remaining points of error. We reverse the judgment of the trial court and render judgment that
Tejas/Conti Realty Corp. and Helle take nothing by their suit.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Reversed and Rendered

Filed: July 17, 1996

Do Not Publish