Reversed and Rendered and Opinion
filed April 14, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00849-CV



 

BOBBY DEAN CLOUSE AND CRYSTAL A. CLOUSE, Appellants

V.

MARK LEVIN, Appellee

 



On Appeal from the County Civil Court
at Law No. 1 

Harris County, Texas

Trial Court Cause No. 921418



 

OPINION

Mark
Levin filed a breach-of-contract claim against Bobby Dean Clouse and Crystal A.
Clouse.  The jury found in Levin’s favor and awarded him damages and attorney’s
fees.  In six issues, the Clouses contend the trial court erred by denying
their post-trial motions and entering judgment in favor of Levin, the evidence
is legally insufficient to support a finding that a written contract existed,
and the judgment violates the Real Estate License Act (“RELA”).  We reverse and
render judgment in favor of the Clouses.  

Background

The
relevant facts are undisputed.  In October 2007, Levin was a real-estate agent
and independent contractor for a real-estate broker, Coldwell Banker United,
Realtors.  Levin was introduced to the Clouses, who were interested in
purchasing a house in the southwest area of Houston.  Levin began showing houses
to the Clouses and advising them on real-estate issues.  In November, the
Clouses instructed Levin to make an offer on a certain house.  Before making
the offer, Levin presented the Clouses with a buyer-representation agreement
(the “agreement”).  The agreement was signed on November 11, 2007 by the
Clouses and by Levin on behalf of Coldwell Banker; Levin individually was not a
party to the agreement.  The agreement specified that Coldwell Banker was the
Clouses’ “exclusive agent” from November 11, 2007 until May 11, 2008.  The
agreement also contained a provision indicating that Coldwell Banker would
receive a three-percent commission on any real estate purchased by the Clouses
in the market area.  Before the end of November, the Clouses’ offer on the
house was rejected and they were no longer actively working with Levin to find
a house.

In late
December, the Clouses purchased a house in Katy through a different real-estate
broker and agent.  In a written document, Coldwell Banker assigned “its rights
to commissions provided for in the Buyer Representation Agreement dated August
11, 2007 between Mark Levin, as agent for [Coldwell Banker] and [the Clouses]
and consents to the payment of any commissions due under such Buyer
Representation Agreement directly to [Levin].”  Levin then sued the Clouses for
breaching an August 11, 2007 buyer-representation agreement.  Levin testified
the date “August 11, 2007” referenced in the assignment was merely a
typographical error and that the intended date was November 11, 2007.  No dates
were mentioned in the charge submitted to the jury.  The jury found that the
Clouses breached an agreement with Levin, causing Levin $3,148.50 in damages.  The
trial court denied the Clouses’ motion for judgment notwithstanding the verdict
and entered judgment awarding Levin $3,148.50 plus $9,600 in attorney’s fees. 
Levin also filed a motion for new trial which was denied.

Texas Real Estate License Act

            Each the
Clouses’ six issues is founded upon Levin’s alleged failure to plead and prove the
requirements of RELA.  Specifically, under RELA, a real-estate broker or
salesperson must satisfy several requirements when suing to collect
compensation:

(b) A
person may not maintain an action to collect compensation for an act as a
broker or salesperson that is performed in this state unless the person alleges
and proves that the person was:

(1) a license holder at the time the act was
commenced; or

(2) an attorney licensed in any state.

(c) A person may not maintain an action in this state
to recover a commission for the sale or purchase of real estate unless the
promise or agreement on which the action is based, or a memorandum, is in
writing and signed by the party against whom the action is brought or by a
person authorized by that party to sign the document.

Tex. Occ. Code Ann. §
1101.806 (West 2004).

We first
address the Clouses’ contention that Levin lacked standing to sue them under
section 1101.806 because he was not a party to a written agreement and any
assignment of the right to collect under the agreement was ineffective.  See
LA & N Interests v. Fish, 864 S.W.2d 745, 749–50 (Tex. App.—Houston
[14th Dist.] 1993, no writ) (determining agent cannot maintain an action for
commissions in his name when the buyer-representation agreement was between
only defendant and agent’s broker), disapproved of on other grounds,
Trammell Crow Co. No. 60 v. Harkinson, 944 S.W.2d 631 (Tex. 1997).

We
review de novo a question of statutory interpretation.  City of
DeSoto v. White, 288 S.W.3d 389, 394 (Tex. 2009).  To determine whether a
statutory requirement is jurisdictional, we apply
statutory-interpretation principles.  Id.  In so
doing, our goal is to ascertain legislative intent by examining the statute’s
plain language.  Id.  We are reluctant to conclude a statutory provision
is jurisdictional absent clear legislative intent to that effect.  Id.
at 393.

As noted
above, to maintain an action to collect compensation for a transaction
performed in Texas, the broker or salesperson must allege and prove he was a
license holder at the time the act was commenced or a licensed attorney.  See
Tex. Occ. Code Ann. § 1101.806(b).  Further, to maintain an action to recover a
commission for the purchase or sale of real estate, a person must prove a
written agreement signed by the party to be charged or his agent.  See id.
§ 1101.806(c).  We presume the Legislature did not intend to make these
requirements jurisdictional because nothing in section 1101.806 or the
remainder of chapter 1101 indicates such intent.  See White, 288 S.W.3d at
393.  Therefore, we hold that the requirements of section 1101.806 pertain to
the merits of Levin’s claim, not whether he has standing to bring the claim.[1]

We next
address the Clouses’ contention that the trial court erred by denying their
motion for judgment notwithstanding the verdict because there is no evidence
supporting essential elements of Levin’s RELA claim.  Specifically, the Clouses
argue there is no written contract between the Clouses and Levin as required
under section 1101.806(c) and no proof Levin or Coldwell Banker were licensed
in Texas as required under 1101.806(b).

Levin responds
that the Clouses’ RELA-based arguments were waived when they failed to object
to the jury charge.  In pertinent part, the jury was charged as follows:

Question
No. 1:

            Did
Mark Levin and BOBBY DEAN CLOUSE and CRYSTAL A. CLOUSE have an agreement?

            In
deciding whether the parties reached an agreement, you may consider what they
said and did in light of the surrounding circumstances, including any earlier
course of dealing.  You may not consider the parties’ unexpressed thoughts or
intentions.

            ANSWER
“YES” or “NO”   __________________

            .
. .

Question
No. 2:

            Did
BOBBY DEAN CLOUSE and CRYSTAL A. CLOUSE fail to comply with the agreement
referenced in Question No. 1?

ANSWER “YES” or “NO”   __________________

Question
No. 3:

            .
. .

What sum of money, if any, if now paid in cash, would fairly and
reasonably compensate Mark Levin for his damages, if any, that resulted from
such failure to comply?

. . .

Answer separately in dollars and cents for damages, if any.

a.         Damages, if any sustained with regard to the Buyer
Representation Agreement between Mark Levin and Bobby Dean Clouse and Crystal
A. Clouse.

Answer: __________________

Therefore, questions
regarding necessary elements of Levin’s RELA claim (i.e., whether the agreement
was in writing and signed by the party against whom the action was brought and
whether the broker/salesperson was a license holder) were not submitted to the
jury.  

When an
incomplete theory is submitted without complaint, the parties are deemed to
have waived a jury trial on the omitted elements and to have agreed to submit the
elements to the trial court.  Tex. R. Civ. P. 279; Gulf States Utils. Co. v.
Low, 79 S.W.3d 561, 565 (Tex. 2002).  Rule 279 provides that the
trial judge may make written findings on the omitted elements at a party’s
request.  Tex. R. Civ. P. 279.  However, when, as here, the trial court does
not make written findings, the omitted elements are deemed found by the court in a manner supporting
the judgment if the deemed findings are supported by some evidence.  In re J.F.C., 96
S.W.3d 256, 262–63 (Tex. 2002).

We agree
with the Clouses’ argument that there is no evidence supporting a finding Levin
was a party to a written agreement signed by the Clouses.  Although the
agreement on which Levin based his action was in writing and signed by the
Clouses, Coldwell Banker—not Levin—was the other party to the agreement.  See
Fish, 864 S.W.2d at 749–50 (holding agent cannot maintain action for
commission when he was not a party to buyer-representation agreement).    

We
acknowledge Levin pleaded and presented evidence that he had a right to recover
under the agreement because Coldwell Banker assigned to Levin its right to
collect commissions under the agreement.  However, this theory of recovery was
neither submitted to the jury nor proved as a matter of law.[2] 
As previously mentioned, neither party objected to the charge submitted to the
jury.  We hold that Levin waived his theory of recovery based on Coldwell
Banker’s assignment.  See Low, 79 S.W.3d at 565 (“A party
waives an entire theory of recovery or defense by not objecting to its omission
from the charge.” (citing Tex. R. Civ. P. 279)); Shin-Con Dev. Corp. v. I.P.
Invs., Ltd., 270 S.W.3d 759, 768 (Tex. App.—Dallas 2008, pet.
denied) (“Unless a theory of recovery is established as a matter of
law, a judgment cannot be rendered on a ground that was
not submitted to the jury.”).  Thus, the breach-of-contract theory submitted pertained to a purported
agreement directly between Levin and the Clouses.  Further, RELA required that
this agreement be in writing.  Because no evidence supports a deemed finding
that Levin and the Clouses entered into a written agreement, we conclude the
trial court erred by denying the Clouses’ motion for judgment notwithstanding
the verdict.  See Union Carbide Corp. v. Smith, 313 S.W.3d 370,
374 (Tex. App.—Houston [1st Dist.] 2009, pet. filed) (explaining courts
review denial of motion for judgment notwithstanding the verdict as a “no
evidence” issue).  We sustain Levin’s first issue and
need not consider his remaining issues related to alleged RELA violations.

Finally,
the Clouses request we award them attorney’s fees or remand the case for the
trial court to determine the amount of their attorney’s fees if we reverse the
trial court’s judgment.  Indeed, the agreement entitles the prevailing party to
recover attorney’s fees from the non-prevailing party, and the Clouses are now
the prevailing parties.  The Clouses aver that the parties stipulated to the
reasonable and necessary amount of attorney’s fees.  However, no such
stipulation is in the record.  Further, the Clouses did not present evidence at
trial regarding the amount of their attorney’s fees.  We overrule the Clouses’
request to award them attorney’s fees because there is no evidence in the
record to support such an award.  Additionally, we will not remand this case because
“[w]e decline the invitation to allow two trials on attorney’s fees when one
will do.”  Varner v. Cardenas, 218 S.W.3d 68, 70 (Tex. 2007).

Accordingly,
we reverse and render judgment that Levin take nothing and the Clouses recover their
trial court costs from Levin.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

Panel
consists of Justices Seymore, Boyce, and Christopher.









[1] Additionally, section 1101.806(c) refers to a breach-of-contract
action for an unpaid commission.  Tex. Occ. Code Ann. § 1101.806(c). 
Although the question of whether a party
is entitled to sue on a contract is often informally referred to as a question of
“standing,” it is not truly a standing issue because it does not affect the
jurisdiction of the court; it is, instead, a decision on the merits.  Heartland
Holdings, Inc. v. U.S. Trust Co. of Tex. N.A., 316 S.W.3d 1,
7 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  When it is established
that a breach-of-contract plaintiff lacks entitlement to sue on a contract, the
proper disposition may be summary judgment on the merits, but it is not
dismissal for want of jurisdiction.  Id. 





[2]
Levin did not prove as a matter of law that Coldwell Banker assigned its rights
to collect commissions from the Clouses under the subject November 11, 2007
agreement because the assignment refers to an August 11, 2007 agreement.