**Bobby Dean CLOUSE and Crystal A. Clouse, Appellants,**

v.

**Mark LEVIN, Appellee.**

No. 14-09-00849-CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 14, 2011.

---

Amy Brenda Archambault, Berry D. Bowen, Houston, TX, for appellants.

Gregg M. Rosenberg, Houston, TX, for appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

CHARLES W. SEYMORE, Justice.

Mark Levin filed a breach-of-contract claim against Bobby Dean Clouse and Crystal A. Clouse. The jury found in Levin's favor and awarded him damages and attorney's fees. In six issues, the Clouses contend the trial court erred by denying their post-trial motions and entering judgment in favor of Levin, the evidence is

legally insufficient to support a finding that a written contract existed, and the judgment violates the Real Estate License Act ("RELA"). We reverse and render judgment in favor of the Clouses.

## BACKGROUND

The relevant facts are undisputed. In October 2007, Levin was a real-estate agent and independent contractor for a real-estate broker, Coldwell Banker United, Realtors. Levin was introduced to the Clouses, who were interested in purchasing a house in the southwest area of Houston. Levin began showing houses to the Clouses and advising them on real-estate issues. In November, the Clouses instructed Levin to make an offer on a certain house. Before making the offer, Levin presented the Clouses with a buyer-representation agreement (the "agreement"). The agreement was signed on November 11, 2007 by the Clouses and by Levin on behalf of Coldwell Banker; Levin individually was not a party to the agreement. The agreement specified that Coldwell Banker was the Clouses' "exclusive agent" from November 11, 2007 until May 11, 2008. The agreement also contained a provision indicating that Coldwell Banker would receive a three-percent commission on any real estate purchased by the Clouses in the market area. Before the end of November, the Clouses' offer on the house was rejected and they were no longer actively working with Levin to find a house.

In late December, the Clouses purchased a house in Katy through a different real-estate broker and agent. In a written document, Coldwell Banker assigned "its rights to commissions provided for in the Buyer Representation Agreement dated August 11, 2007 between Mark Levin, as agent for [Coldwell Banker] and [the Clouses] and consents to the payment of any commissions due under such Buyer Representation Agreement directly to [Levin]." Levin then sued the Clouses for breaching an August 11, 2007 buyer-representation agreement. Levin testified the date "August 11, 2007" referenced in the assignment was merely a typographical error and that the intended date was November 11, 2007. No dates were mentioned in the charge submitted to the jury. The jury found that the Clouses breached an agreement with Levin, causing Levin $3,148.50 in damages. The trial court denied the Clouses' motion for judgment notwithstanding the verdict and entered judgment awarding Levin $3,148.50 plus $9,600 in attorney's fees. Levin also filed a motion for new trial which was denied.

## TEXAS REAL ESTATE LICENSE ACT

Each the Clouses' six issues is founded upon Levin's alleged failure to plead and prove the requirements of RELA. Specifically, under RELA, a real-estate broker or salesperson must satisfy several requirements when suing to collect compensation:

(b) A person may not maintain an action to collect compensation for an act as a broker or salesperson that is performed in this state unless the person alleges and proves that the person was:

(1) a license holder at the time the act was commenced; or

(2) an attorney licensed in any state.

(c) A person may not maintain an action in this state to recover a commission for the sale or purchase of real estate unless the promise or agreement on which the action is based, or a memorandum, is in writing and signed by the party against whom the action is brought or by a person authorized by that party to sign the document.

Tex. Occ.Code Ann. § 1101.806 (West 2004).

We first address the Clouses' contention that Levin lacked standing to sue them under section 1101.806 because he was not a party to a written agreement and any

assignment of the right to collect under the agreement was ineffective. *See LA & N Interests v. Fish,* 864 S.W.2d 745, 749–50 (Tex.App.-Houston [14th Dist.] 1993, no writ) (determining agent cannot maintain an action for commissions in his name when the buyer-representation agreement was between only defendant and agent's broker), *disapproved of on other grounds,* *Trammell Crow Co. No. 60 v. Harkinson,* 944 S.W.2d 631 (Tex.1997).

■ We review *de novo* a question of statutory interpretation. *City of DeSoto v. White,* 288 S.W.3d 389, 394 (Tex.2009). To determine whether a statutory requirement is jurisdictional, we apply statutory-interpretation principles. *Id.* In so doing, our goal is to ascertain legislative intent by examining the statute's plain language. *Id.* We are reluctant to conclude a statutory provision is jurisdictional absent clear legislative intent to that effect. *Id.* at 393.

■ As noted above, to maintain an action to collect compensation for a transaction performed in Texas, the broker or salesperson must allege and prove he was a license holder at the time the act was commenced or a licensed attorney. *See* Tex. Occ.Code Ann. § 1101.806(b). Further, to maintain an action to recover a commission for the purchase or sale of real estate, a person must prove a written agreement signed by the party to be charged or his agent. *See id.* § 1101.806(c). We presume the Legislature did not intend to make these requirements jurisdictional because nothing in section 1101.806 or the remainder of chap-

ter 1101 indicates such intent. *See White,* 288 S.W.3d at 393. Therefore, we hold that the requirements of section 1101.806 pertain to the merits of Levin's claim, not whether he has standing to bring the claim.[1]

■ We next address the Clouses' contention that the trial court erred by denying their motion for judgment notwithstanding the verdict because there is no evidence supporting essential elements of Levin's RELA claim. Specifically, the Clouses argue there is no written contract between the Clouses and Levin as required under section 1101.806(c) and no proof Levin or Coldwell Banker were licensed in Texas as required under 1101.806(b).

Levin responds that the Clouses' RELA-based arguments were waived when they failed to object to the jury charge. In pertinent part, the jury was charged as follows:

Question No. 1:

**Did Mark Levin and BOBBY DEAN CLOUSE and CRYSTAL A. CLOUSE have an agreement?**

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

ANSWER "YES" or "NO"

. . .

---

1. Additionally, section 1101.806(c) refers to a *breach-of-contract action* for an unpaid commission. Tex. Occ.Code Ann. § 1101.806(c). Although the question of whether a party is entitled to sue on a contract is often informally referred to as a question of "standing," it is not truly a standing issue because it does not affect the jurisdiction of the court; it is, instead, a decision on the merits. *Heartland*

*Holdings, Inc. v. U.S. Trust Co. of Tex. N.A.,* 316 S.W.3d 1, 7 (Tex.App.-Houston [14th Dist.] 2010, no pet.). When it is established that a breach-of-contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction. *Id.*

Question No. 2:

**Did BOBBY DEAN CLOUSE and CRYSTAL A. CLOUSE fail to comply with the agreement referenced in Question No. 1?**

ANSWER "YES" or "NO"

_____

Question No. 3:

. . .

What sum of money, if any, if now paid in cash, would fairly and reasonably compensate Mark Levin for his damages, if any, that resulted from such failure to comply?

. . .

Answer separately in dollars and cents for damages, if any.

a. Damages, if any sustained with regard to the Buyer Representation Agreement between Mark Levin and Bobby Dean Clouse and Crystal A. Clouse.

Answer: _____

Therefore, questions regarding necessary elements of Levin's RELA claim (i.e., whether the agreement was in writing and signed by the party against whom the action was brought and whether the broker/salesperson was a license holder) were not submitted to the jury.

 When an incomplete theory is submitted without complaint, the parties are deemed to have waived a jury trial on the omitted elements and to have agreed to submit the elements to the trial court. Tex.R. Civ. P. 279; *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 565 (Tex.2002). Rule 279 provides that the trial judge may make written findings on the omitted elements at a party's request. Tex.R. Civ. P. 279. However, when, as here, the trial court does not make written findings, the omitted elements are deemed found by the

court in a manner supporting the judgment if the deemed findings are supported by some evidence. *In re J.F.C.*, 96 S.W.3d 256, 262–63 (Tex.2002).

We agree with the Clouses' argument that there is no evidence supporting a finding Levin was a party to a written agreement signed by the Clouses. Although the agreement on which Levin based his action was in writing and signed by the Clouses, Coldwell Banker—not Levin—was the other party to the agreement. *See Fish*, 864 S.W.2d at 749–50 (holding agent cannot maintain action for commission when he was not a party to buyer-representation agreement).

We acknowledge Levin pleaded and presented evidence that he had a right to recover under the agreement because Coldwell Banker assigned to Levin its right to collect commissions under the agreement. However, this theory of recovery was neither submitted to the jury nor proved as a matter of law.[2] As previously mentioned, neither party objected to the charge submitted to the jury. We hold that Levin waived his theory of recovery based on Coldwell Banker's assignment. *See Low*, 79 S.W.3d at 565 ("A party waives an entire theory of recovery or defense by not objecting to its omission from the charge." (citing Tex.R. Civ. P. 279)); *Shin–Con Dev. Corp. v. I.P. Invs., Ltd.*, 270 S.W.3d 759, 768 (Tex.App.-Dallas 2008, pet. denied) ("Unless a theory of recovery is established as a matter of law, a judgment cannot be rendered on a ground that was not submitted to the jury."). Thus, the breach-of-contract theory submitted pertained to a purported agreement directly between Levin and the Clouses. Further, RELA required that this agreement be in writing. Because no

2. Levin did not prove as a matter of law that Coldwell Banker assigned its rights to collect commissions from the Clouses under the sub-

ject November 11, 2007 agreement because the assignment refers to an August 11, 2007 agreement.

evidence supports a deemed finding that Levin and the Clouses entered into a written agreement, we conclude the trial court erred by denying the Clouses' motion for judgment notwithstanding the verdict. *See Union Carbide Corp. v. Smith,* 313 S.W.3d 370, 374 (Tex.App.-Houston [1st Dist.] 2009, pet. filed) (explaining courts review denial of motion for judgment notwithstanding the verdict as a "no evidence" issue). We sustain Levin's first issue and need not consider his remaining issues related to alleged RELA violations.

■ Finally, the Clouses request we award them attorney's fees or remand the case for the trial court to determine the amount of their attorney's fees if we reverse the trial court's judgment. Indeed, the agreement entitles the prevailing party to recover attorney's fees from the non-prevailing party, and the Clouses are now the prevailing parties. The Clouses aver that the parties stipulated to the reasonable and necessary amount of attorney's fees. However, no such stipulation is in the record. Further, the Clouses did not present evidence at trial regarding the amount of their attorney's fees. We overrule the Clouses' request to award them attorney's fees because there is no evidence in the record to support such an award. Additionally, we will not remand this case because "[w]e decline the invitation to allow two trials on attorney's fees when one will do." *Varner v. Cardenas,* 218 S.W.3d 68, 70 (Tex.2007).

Accordingly, we reverse and render judgment that Levin take nothing and the Clouses recover their trial court costs from Levin.