**Affirmed and Memorandum Opinion filed June 8, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00447-CV

---

## MARCUS A. TOWNLEY AND ERIN M. MCCAIN, Appellants

## V.

## LINDA A. LANIER, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1077886**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from a dispute between neighboring property owners over the cost to reconstruct a shared residential fence. Appellee Linda A. Lanier paid to rebuild the fence and sought payment from her neighbors, appellants Marcus A. Townley and Erin M. McCain, believing they agreed to bear some of the cost. Appellants refused to contribute, Lanier sued, and the case proceeded to jury trial on breach of contract and quantum meruit claims. The jury found in Lanier's

favor, and the court signed a judgment awarding $780 in damages, plus attorneys' fees.

Appellants raise seventeen numbered issues on appeal. After reviewing the briefs and the record, we conclude that appellants have not demonstrated reversible error, and we affirm the judgment.

## Background

In 2014, Lanier's property abutted property owned by Townley and McCain, and a fence divided the two lots.[1] Constructed in 1993 or 1994, the original wood fence deteriorated over time. According to Lanier, she "was having a great deal of trouble keeping the fence boards up." Additionally, the parties' multiple dogs "would bicker between the fences."

One day in 2014, Lanier said, Townley "climbed up on the fence and he explained to [Lanier] that he and his wife were doing a lot of remodeling with the house and that they had recently replaced the fence that was common between he and [another neighbor] and would [Lanier] be interested in sharing the cost of the fence that was common between their two yards." Lanier ultimately agreed and hired a contractor to do the work. She gave Townley a copy of the bid and told him that she would "only charge him half" of the price per square foot that Townley had paid to replace his side fence, which would have amounted to $785.

The contractor Lanier hired did not perform adequately, which Townley brought to Lanier's attention. In the evenings, Townley, who was at home during the day, shared his observations with Lanier:

[A]t one point he told me the workmanship was not good, that the fence wasn't straight, that they weren't building the corners correctly and at the far corner where his fence would adjoin mine, or the

---

[1] By the time of trial in 2019, Lanier had sold her property and moved.

common fence anyway, he wasn't going to be able to adjoin it because they weren't building it in the right place and at one other occasion they told me they found the contractors drinking on the job when I wasn't there.

As a result, Lanier terminated that contractor. Based on Townley's recommendation, Lanier hired the contractor Townley had used to replace the fence on the other side of his property. The second contractor completed the fence, giving Townley and McCain the "good" side or the "pretty" side—i.e., the side with flush planks that did not show framing.

When Lanier asked for payment, Townley refused. His last comments to Lanier were "I'm not paying you anything. The fence looks great."

Lanier sued, alleging that "[i]t was fully understood between [Lanier] and [Townley and McCain] that said fence was a mutual obligation with mutual benefits." She asserted claims for breach of contract, quantum meruit, fraud, and fraudulent misrepresentation. The contract and quantum meruit claims were tried to a jury, which found in Lanier's favor. Specifically, the jury found that:

- Townley and McCain agreed to have Lanier authorize the building of a replacement fence between their two properties.
- Townley and McCain failed to comply with the agreement to pay for part of the fence.
- Townley and McCain failed to comply with the agreement first.
- Services/materials were provided to Townley and McCain.
- Townley and McCain accepted the services or materials.
- Townley and McCain had reasonable notice that Lanier expected compensation for the payment of services or materials.
- $780 would fairly and reasonably compensate Lanier for her damages that resulted from or because of Townley's and McCain's failure to comply.

3

In accordance with the jury's verdict, the trial court signed a judgment that Lanier recover from Townley and McCain $780 in damages and $1,320 in attorney's fees, as well as conditional appellate fees, costs, and pre- and post-judgment interest.

Townley and McCain appeal.

## Analysis

Appellants present seventeen issues for our review. Most of them, however, lack citation to the record or to legal authority. Under our rules of appellate procedure, briefs must contain "a clear and concise argument for the contentions made with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Although we must construe briefs liberally to avoid disposing of issues without reaching the merits when possible, *see Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008), the complete dearth of applicable argument, legal authority, or record support for several issues, discussed below, compels us to conclude that appellants have waived them due to inadequate briefing. *See In re R.H.W. III*, 542 S.W.3d 724, 742 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

As we are able, we will address those arguments we find sufficiently briefed in support of appellants' stated issues, *see @.C.T.S. @dvanced Computer Tech. Servs., LLC v. Lexington Auto Repair, Inc.*, No. 14-16-00497-CV, 2017 WL 3662465, at *4 (Tex. App.—Houston [14th Dist.] Aug. 24, 2017, no pet.) (mem. op.), while avoiding the role of advocate for any party. *Joseph v. Woodgrove Condo. Ass'n*, No. 14-10-00273-CV, 2011 WL 2149409, at *1 (Tex. App.—Houston [14th Dist.] May 26, 2011, no pet.) (mem. op.); *Evans v. Duncan*, No. 05-

04-00761-CV, 2005 WL 1926324, at *1 (Tex. App.—Dallas Aug. 12, 2005, no pet.); *see also In re R.H.W. III*, 542 S.W.3d at 742.

We first consider several procedural issues, followed by issues challenging the evidentiary support for the jury's verdict, before finally turning to appellants' remaining complaints. The bolded headings are appellants' issues, re-printed verbatim.

## A. Procedural Complaints

**Issue 1: The trial court abused its discretion by holding an off-record pre-trial hearing without a court reporter present, despite Appellants' objections, on February 20, 2019.**

Appellants contend that the trial court held a pre-trial hearing, that they requested a court reporter to transcribe the hearing, that no reporter was made available, that appellants objected to the reporter's absence, and that the trial court conducted the unrecorded hearing over their objection. Appellants argue that the lack of reporter's record prevents them from complaining "of certain error and other post-judgment and appellate procedural remedies."

Not only do appellants fail to support their argument with legal authority, but we see no indication on the docket sheet that the trial court conducted a hearing as claimed by appellants. Further, although appellants assert that they "filled out a court reporter request form, requested a transcript be taken of all proceedings that day for this case, and submitted the request form to the court clerks," they do not direct us to where we may find such a request in the record.

In the absence of legal or record citation, we overrule appellants' first issue. *See* Tex. R. App. P. 38.1(i); *In re R.H.W. III*, 542 S.W.3d at 742.

**Issue 2: The trial court abused its discretion, and violated Appellants' due process rights, by denying the Defendants' third motion for**

**continuance, and by denying the Defendants' amended motion to compel disclosure and production of documents.**

Appellants assert that, while preparing for trial, they discovered that Lanier sold and vacated her residential property several months before trial began. Appellants moved for a trial continuance, as well as to compel certain discovery.

Appellants contend that the trial court orally denied their motions at a hearing, but we have no record of the hearing. We also see no written order ruling on the motions. Appellants' failure to obtain a ruling on either motion, or to object to the court's lack of ruling, renders their complaint unpreserved for appeal. *See* Tex. R. App. P. 33.1; *Jackson v. FedEx Ground Package Sys., Inc.*, No. 02-07-00246-CV, 2008 WL 1867931, at *2 (Tex. App.—Fort Worth Apr. 24, 2008, no pet.) (mem. op.) (motion for continuance); *Copenhaver v. Medina*, No. 08-02-00136-CV, 2003 WL 22215152, at *1 (Tex. App.—El Paso Sept. 25, 2003, no pet.) (mem. op.) (motion to compel). We overrule appellants' second issue.

**Issue 3:  The trial court erred and abused its discretion by failing to submit jury instructions, definitions, and questions as to the fact elements of the Appellants' defenses.**

Appellants argue that the trial court's "sweeping rejection" of appellants' proposed jury instructions, definitions, and questions was erroneous because none of the factual questions on appellants' pleaded defenses or affirmative defenses was submitted to the jury for a finding. Appellants contend that they introduced evidence and testimony at trial supporting some of their affirmative defenses, including failure of consideration, accord and satisfaction, and waiver; although they cite no passage in the reporter's record supporting their assertion.

To preserve error in the omission of a party's own question, the party must have objected to the omission, tendered the question in substantially correct form, and obtained a ruling from the trial court. Tex. R. Civ. P. 274, 276, 278; *Sears,*

*Roebuck & Co. v. Abell*, 157 S.W.3d 886, 893 (Tex. App.—El Paso 2005, pet. denied). We do not see in the record that the trial court ruled on appellants' proposed questions. Appellants' proposed jury charge is unmarked and does not bear any indication that the court "refused" to submit the questions, and, if the court orally ruled on the proposal, we were not provided with the reporter's record documenting the ruling. In the absence of any evidence in the record that the trial court considered and refused appellants' questions on defenses, we find that appellants did not preserve error based on these questions. *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 198 (Tex. App.—Houston [14th Dist.] 2002, no pet.). We overrule appellants' third issue.

**Issue 4: The trial court erred by refusing to admit evidence at trial demonstrating that Plaintiff alienated her ownership interest in her fence.**

During trial, appellants attempted to introduce a printout from an internet website showing Lanier's house for sale and a list of upgrades to the property, including the new fence. The trial court excluded the evidence. Appellants argue that this evidence would have shown that Lanier clearly claimed the fence as her own property, intended to sell the new fence together with her land and buildings, and then alienated her ownership interest in the fence when Lanier sold the property. This evidence, they contend, would have supported their defenses of failure of consideration and waiver.

Given that the jury was not charged with any affirmative defense issues, appellants' argument is unpersuasive. They also cite no legal authority to support their argument. In the absence of any persuasive explanation how the trial court's ruling probably caused the rendition of an improper judgment,[2] and in the absence

---

[2] Appellants' argument would fail for another reason. In their brief, appellants concede that Lanier testified that she sold the fence along with her house. Accordingly, the excluded

7

of citation to relevant case law, we overrule appellants' fourth issue for inadequate briefing.  *See* Tex. R. App. P. 38.1(i); *Duruji v. Duruji*, No. 14-05-01185-CV, 2007 WL 582282, at \*8 n.16 (Tex. App.—Houston [14th Dist.] Feb. 27, 2007, no pet.).

**Issue 12:  The trial court erred by submitting improper and/or defective instructions, definitions, and questions to the jury at trial, and/or by entering judgment on a verdict, that completely omitted designated responsible third parties.**

Prior to trial, the trial court designated certain third parties—other neighbors whose properties also abutted the fence at issue—as responsible third parties. However, the trial court did not include the responsible third parties in the jury charge.  Appellants complain that this omission prevented the jury from determining the liability and proportionate responsibility of the designated responsible third parties.

Appellants do not cite any portion of the trial record regarding contributory conduct of the responsible third parties, and thus we cannot conclude that the trial court erred as alleged.  *See Gardner Oil, Inc. v. Chavez*, No. 12-10-00274-CV, 2012 WL 1623420, at \*6 (Tex. App.—Tyler May 9, 2012, no pet.) (mem. op.) ("The trial court should not allow the submission of a question to the jury regarding conduct of a responsible third party where there is not sufficient evidence to support the submission.").  We overrule appellants' twelfth issue.

## B.    Merits Complaints

The parties agree that Lanier submitted her case to the jury on two issues: breach of contract and quantum meruit.  The jury found in Lanier's favor on both

---

evidence would have been cumulative of admitted testimony, and thus the exclusion would not be reversible error. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009) (exclusion of cumulative evidence is harmless).

claims, and the judgment granted Lanier recovery without specifying the theory on which liability is based.

In six issues, appellants challenge the submission of, or the sufficiency of the evidence supporting, Lanier's breach of contract claim. Appellants also challenge the charge language accompanying Lanier's quantum meruit claim, but with one exception, they do not challenge the sufficiency of the evidence supporting the jury's findings on that claim. If we conclude that the judgment may be upheld on either one of the independent theories of recovery, we need not address any alleged error pertaining to the other claim. *See, e.g.*, *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 750 (Tex. 1980) (alleged error in the submission of an issue is harmless when the findings of the jury in answer to other issues are sufficient to support the trial court's judgment).

**Issue 9: The trial court erred by signing and entering a judgment on March 6, 2019 against Appellants because the jury's verdict does not reflect all elements of Plaintiff's quantum meruit claim.**

To recover under quantum meruit a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used, and enjoyed by him; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985).

The court's charge submitted the quantum meruit theory to the jury in a series of questions, as opposed to a single question. The relevant inquiries are:

Question No. 4

Were the services/materials provided to the Defendants?

9

Question No. 5

Did the Defendants accept the services or materials?

Question No. 6

Did Defendants have reasonable notice that Plaintiff expected compensation for the payment of services or materials?

Question No. 8

Did Plaintiff provide valuable services or materials?

The jury answered all these questions affirmatively.

Appellants advance two separate, but related, arguments under their ninth issue. First, they contend the judgment cannot stand on a quantum meruit theory because the charge omitted one required element necessary to support quantum meruit recovery, and thus "the jury's verdict lacks findings sufficient to establish all of the necessary elements of the Appellee's quantum meruit cause of action." The missing element, appellants say, is whether they "used and enjoyed" the fence. Although Question No. 5 asked whether appellants accepted the services or materials, appellants are correct that the charge did not ask whether appellants "used and enjoyed" them. Appellants, however, did not object to that omission. In the absence of objection, and when as here the trial court does not make written findings on omitted elements, they are deemed found in a manner supporting the judgment if the deemed findings are supported by evidence. *See* Tex. R. Civ. P. 279; *In re J.F.C.*, 96 S.W.3d 256, 262-63 (Tex. 2002); *Clouse v. Levin*, 339 S.W.3d 766, 770 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Which brings us to appellants' second argument under their ninth issue, namely that "insufficient credible evidence" exists to support a finding that they used and enjoyed the fence. There is some evidence from which a reasonable jury

rationally could have inferred that appellants accepted, used, and enjoyed the services or materials provided by Lanier. Lanier testified: that it was Townley's idea to replace the fence; that Lanier had conversations with both Townley and McCain about the fence; that Townley and McCain got the "good" or "pretty" side of the fence; that McCain never said she would not pay for the fence; and that Townley was concerned about the first contractor's work because Townley wanted to be sure that the new fence would join with the side fence appellants had already replaced. The jury may have inferred that the completed fence met with Townley's approval in that regard. Appellants disputed Lanier's version of events and denied using, enjoying, or benefitting from the new fence in any way. However, the jury is the sole arbiter of the credibility of witnesses and the weight to give to their testimony. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Lanier's testimony, which the jury reasonably could have believed, is legally and factually sufficient evidence that Townley and McCain used and enjoyed the materials or services provided. *See, e.g.*, *RC Mgmt., Inc. v. Tex. Waste Sys., Inc.*, No. 04-02-00488-CV, 2003 WL 1712535, at \*4 (Tex. App.—San Antonio Apr. 2, 2003, no pet.) (mem. op.) (evidence that appellant did not refuse delivery of trash containers or contact trash company to, at the very least, complain of the delivery of the containers was sufficient to support jury's determination that appellant accepted, used, and enjoyed the benefits of trash company's services).

Because there is some evidence that appellants used and enjoyed the fence, that omitted element is deemed found in support of the judgment. *See In re J.F.C.*, 96 S.W.3d at 262-63; *Clouse*, 339 S.W.3d at 770. Thus, the judgment is supported by all findings and elements necessary to support recovery under a quantum meruit theory.

Appellants do not challenge the other findings on quantum meruit, nor do they make any other argument against the claim. Accordingly, those unchallenged findings are binding. *Rayner v. Dillon*, 501 S.W.3d 143, 158 (Tex. App.—Texarkana 2016, pet. dism'd) (when a party fails to "challenge in the court of appeals the factual or legal sufficiency of the evidence supporting" the jury's answer, the answer is established as to the theory alleged). We overrule appellants' ninth issue.

Furthermore, because the jury's quantum meruit findings are sufficient to support the trial court's judgment, any alleged errors regarding Lanier's breach of contract claim are harmless, and we need not address the merits of those issues. For this reason, we also overrule appellants' seventh, eighth, thirteenth, fifteenth, sixteenth, and seventeenth issues.[3] *Boatland of Houston*, 609 S.W.2d at 750.

---

[3] Appellants' issues relating to breach of contract are as follows:

Issue 7: The trial court erred by signing and entering a judgment on March 6, 2019 against Appellant Erin McCain because there is insufficient evidence of the existence of a contract between the Plaintiff and Defendant McCain.

Issue 8: The trial court erred by signing and entering a judgment on March 6, 2019 against Appellants because the Plaintiff failed to meet her burden of proof that a valuable consideration was exchanged.

Issue 13: The trial court erred by submitting an improper instruction on ratification to the jury.

Issue 15: The trial court erred by submitting question No. 2 to the jury, and/or erred by entering judgment on the verdict, because question No. 2 presumes existince [sic] of an essential but unestablished fact-element [existence of a contract].

Issue 16: The trial court erred by submitting question No. 3 [who breached agreement first] to the jury, and/or erred by entering judgment on the verdict, because question No. 3 is irrelevant and could have confused the jury.

Issue 17: The trial court erred by submitting question No. 7 [damages] to the jury, and/or erred by entering judgment on the verdict, because question No. 7 asks for a conclusion founded on a false premise [existence of a contract].

**Issue 5: The trial court erred by signing and entering a judgment of joint and several liability, on March 6, 2019, because there is insufficient evidence of joint liability, and/or because the judgment does not conform to the Appellee's pleadings in that respect.**

**Issue 11: The trial court erred by submitting improper and/or defective instructions, definitions, and questions to the jury at trial, and/or by entering judgment on a verdict, that prevented the jury from apportioning responsibility between the two Defendants.**

In two issues, appellants complain that the judgment erroneously imposes joint and several liability against Townley and McCain.

Joint and several liability arises in contract and, by extension, in quantum meruit, based upon the relationship between the parties and the existence of what amounts to joint promises. *K-Bar Servs., Inc. v. English*, No. 03-05-00076-CV, 2006 WL 903735, at \*5 (Tex. App.—Austin Apr. 7, 2006, no pet.) (mem. op.).

The quantum meruit questions did not ask about Townley's and McCain's actions individually. However, we see no indication in the record that appellants made the trial court aware of their complaint. *See Bluestar Energy, Inc. v. Murphy*, 205 S.W.3d 96, 99 (Tex. App.—Eastland 2006, pet. denied) (rejecting appellant's argument that joint and several liability was inappropriate when jury was asked to determine whether both appellants jointly breached the agreement and complaining appellant did not object to inclusion in the question); *cf. W&F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 45 n.12 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (appellants did not waive complaint that charge failed to ask about individual defendant's liability, when the specific issue was discussed at the charge conference). Appellants assert that they raised the issue in their proposed jury charge, but as we determined above, there is no indication that the trial court considered or ruled on appellants' proposal.

13

Further, appellants' reference to "proportionate responsibility" is misplaced. The proportionate-responsibility statute does not apply to contract or quasi-contract claims. *See* Tex. Civ. Prac. & Rem. Code § 33.002; *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 787 n.2 (Tex. 2020) (orig. proceeding); *GB Tubulars, Inc. v. Union Gas Operating Co.*, 527 S.W.3d 563, 576 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

We overrule appellants' fifth and eleventh issues.

**Issue 6: The trial court erred by signing and entering a judgment on March 6, 2019 that awards attorney's fees to the Appellee because Plaintiff's attorney's fees were not properly proven up at trial.**

In their sixth issue, appellants argue that Lanier failed to prove the reasonableness of her attorney's fees.

The factfinder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Rohrmoos Venture*, 578 S.W.3d at 498.

Here, Lanier's attorney, Richard Martini, briefly testified at trial and also introduced several pages of invoices, which included billing details. After reviewing this evidence, we conclude that Lanier's evidence sufficiently addressed the *Rohrmoos Venture* factors. Martini testified, "I've been an attorney for 33

14

years. The fees that I've charged are custom and regular in the industry for cases such as this. They were reasonable and necessary in the prosecution of this claim." Martini charged Lanier $250 per hour but testified on cross-examination that he had seen billing rates "as low as 150 or 175 . . . [or] as high as 300 or 350. And, again, that's just for a standard contract case. No bells and whistles."

Martini substantiated the hours worked with invoices that contained billing details. The invoices were itemized by task and by date and were calculated by Martini's billing rate multiplied by the amount of time worked, which was timed in six-minute increments.

Martini sought over $10,000 in attorney's fees, and the jury awarded him $1,320 (and conditional appellate fees of $3,000). We hold that there is legally sufficient evidence to support the reasonable attorney's fees awarded by the trial court and overrule appellants' sixth issue. *Rohrmoos Venture*, 578 S.W.3d at 498.

## C. Remaining Complaints

**Issue 10: The trial court erred by signing and entering a judgment on March 6, 2019 against Appellants because the Plaintiff's claims were compromised by the sale of her property.**

Appellants contend that Lanier should be estopped from recovering damages from appellants because she "sold the fence to another buyer." Appellants' argument is as follows:

> Effectively Appellee, according to her allegations, entered into a contract with Appellants for the sale of the fence, but then sometime later sold the fence to another buyer. Appellee is, or ought to be, estopped, under an equitable theory, from recovery for breach of a contract and quantum meruit claims while at the same time exchanging the same underlying consideration [the fence] in another contract with another party.

15

There is no evidence that Lanier entered into a contract with Townley and McCain to sell appellants the fence. Rather, Lanier's theory was that the parties agreed that each property owner would pay a share of the cost to build the new fence. Again, appellants cite no portion of the record to support their assertion that Lanier contracted to sell appellants the fence, nor do they cite legal authority to support their argument. We overrule appellants' tenth issue.

**Issue 14: The trial court erred by submitting question No. 1 to the jury, and/or erred by entering judgment on the verdict, because question No. 1 is an irrelevant finding.**

In the charge, the jury was asked, "Did Defendants agree to have Plaintiff authorize the building of a replacement fence between their two properties?" Appellants argue that this question failed to put the fact elements of Lanier's pleaded causes of action—breach of contract or quantum meruit—to the jury.

We agree that this question does not pertain to either of Lanier's tried claims. However, appellants do not explain how the submission of the question probably led to the rendition of an improper judgment. *Crowson v. Bowen*, 320 S.W.3d 486, 489 (Tex. App.—Fort Worth 2010, no pet.) ("To obtain a reversal based on the trial court's error, however, [appellant] must show that the error probably caused the rendition of an improper judgment or probably prevented him from properly presenting his case to this court.") (citing Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005)).

In the absence of any argument or legal authority to show why the trial court's submission of the question amounts to reversible error, we overrule appellants' fourteenth issue.

16

## Conclusion

We affirm the trial court's judgment.

/s/    Kevin Jewell
Justice

Panel consists of Justices Jewell, Bourliot, and Hassan.